**MATHEW J. MARI**
ATTORNEY AT LAW
—
30 WALL STREET - 8TH FLOOR
NEW YORK, NEW YORK 10005
DIRECT: (212) 227-5335 • OFFICE: (212) 804-5737
FAX: (718) 836-2518 • mjmesq@aol.com

July 1, 2021

**By ECF**
Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>United States v. Anthony Silvestro</u>, 19-cr-442(S-1) (BMC)

Dear Judge Cogan:

    I respectfully submit this sentencing submission on behalf of Defendant Anthony Silvestro, who is scheduled to be sentenced by Your Honor on July 21, 2021. As discussed below, it is respectfully submitted that the Court should sentence Mr. Silvestro to a term of probation, or, in the alternative, a maximum custodial term of imprisonment of a year and one day.

    Considering both the mandate that a sentence be sufficient but not greater than necessary to comply with the purposes of sentencing set forth in §3553(a)(2) and the sentencing factors set forth in §3553(a)(1)-(7), the requested sentence is appropriate here. In this regard, Mr. Silvestro is a first-time offender with strong ties to his community and family. He has demonstrated extraordinary rehabilitation since his arrest and has been under strict supervision with electronic monitoring and a curfew while he has been out on bail. He has complied perfectly with all conditions imposed upon him. Collectively, such factors, among the other favorable reasons discussed herein, favor the requested sentence.

## I.    Relevant Law

    In determining an appropriate sentence, a sentencing judge should consider the advisory Guidelines range, the sentencing factors under 18 U.S.C. § 3553(a), and all relevant information relating to the defendant. *United States v. Crosby*, 397 F.3d 103, 111 (2d Cir. 2005); Title 18, U.S.C. Sec. 2661 ("no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence.") ; *see also United States v. Booker*, 543 U.S. 220 (2005) (finding that the Guidelines are merely advisory); *United States v. Koon*, 116 S.Ct. 2035 at 2053(1996)

("it is uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate…the crime and the punishment to ensue.") .

In this regard, a sentencing judge "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and benchmark." *Gall v. United States*, 128 S.Ct. 586, 596 (2007). The sentencing judge should then "consider all of the Section 3553(a) factors to determine whether they support the sentence requested by a party. In doing so, he may not presume that the Guidelines range is reasonable. He must make an individualized assessment based on the facts presented." *Id.* at 596-97. (citation and footnote omitted).

Pursuant to 18 U.S.C. § 3553(a), the sentencing judge must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." To reach such an outcome, the sentencing judge should consider a sentence that (A) reflects the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) affords adequate deterrence to criminal conduct; (C) protects the public from further crimes of the defendant; and (D) provides the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The sentencing judge should also consider (1) the nature and circumstances of the offense and history and characteristics of the offender; (2) the kinds of sentences available; (3) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty for similar conduct; and (4) the need to provide restitution to any victims of the offense.

## II. Anthony Silvestro's Guilty Plea

On November 9, 2020, Anthony Silvestro pleaded guilty, pursuant to a written plea agreement, before the Honorable Vera M. Scanlon (U.S.M.J., E.D.N.Y.) to Count One (Racketeering) of the instant indictment. In connection with such plea, Mr. Silvestro admitted to participating in Racketeering Acts Eleven and Twelve. "RA11" involved extortion by force and "RA12" involves a conspiracy to make an extortionate extension of credit. Mr. Silvestro agrees with the calculations of the Pre-Sentence Investigation Report.

## III. The Applicable Guidelines Range

Pursuant to Mr. Silvestro's above-cited plea, the Plea Agreement, and the calculations made in the PSR, and all current factors, the advisory Guidelines sentencing range of 27-33 months is correct.

## IV. Analysis of the § 3553(a) Factors

While the defense acknowledges that Mr. Silvestro's offense conduct was serious, the record demonstrates that Mr. Silvestro has already suffered a substantial penalty as a result of this prosecution, that he has matured greatly during this process, and that he is capable of remaining in his community as a positive contributor.[1] Indeed, while Mr. Silvestro has no prior criminal record, he has now pled guilty

---

[1] There also exists viable alternatives to imprisonment, such as requiring Mr. Silvestro to serve a period of home detention and supervised release.

to a felony offense and will have to deal with the stigma of that mark in both his professional and personal life. Also, Mr. Silvestro has long been under strict supervision as a result of this prosecution and he has suffered a diminution of his freedom as a result (i.e., electronic monitoring and curfew). Nevertheless, Mr. Silvestro has always tried to utilize his time while on bail to strive towards self-betterment. Indeed, although Mr. Silvestro's arrest caused him to lose a very well-paying job, he remained positive and decided to start his own pest control business, which has been no easy task due to the initial constraints of bail, the pandemic and other unique factors. Indeed, during his varying conditions of bail, his abilities to run his business were severely diminished. In addition, the Covid epidemic destroyed his ability to service potential customers. To top it off, his business partner died suddenly which spelled the end to his business practically speaking. In spite of all these restrictions and setbacks, Mr. Silvestro is committed to building a new pest control business, and when this case is over, he will be able to coordinate with larger pest control companies to get work and to refer work on larger jobs.

Much of the above progress was inspired by this prosecution, triggering Mr. Silvestro's desire to change his life's course, and his new relationship (which developed after his arrest) with his childhood friend Danamarie Matera. During the course of this case, Anthony and Danamarie have become engaged to be married and are planning on buying a home and starting a family. Clearly, since his arrest on this case, Mr. Silvestro has changed his focus dramatically and is on track to become a normal law-abiding member of society. I hope his final PSR and any reports to the Court from PreTrial Services will verify what undersigned is representing herein. Indeed, undersigned counsel has developed a personal relationship with Mr. Silvestro during the course of this case and can personally attest to the positive changes that Mr. Silvestro has sought to make. In this regard, undesigned has seen Mr. Silvestro often and speaks with him by telephone almost every day. It is undersigned's humble opinion that Mr. Silvestro is intelligent, calm, and focused on a positive future. He is in fact a different person than the young man who was arrested on this case. He accepts his responsibility as his own bad judgment and feels this negative experience has had a positive effect on his future in every way.

Overall, it cannot be overstated that the public is best served by allowing Mr. Silvestro the opportunity to rebuild his life and at this time, not by requiring his imprisonment and the corresponding diminution in his ability to find work and to productively reenter his community at a later date. *See United States v. K*, 160 F. Supp. 2d 421, 423 (E.D.N.Y. 2001) ("While protecting the public, the federal district judge's duty is to try to save as many of the people before the court as it can—one person at a time in accordance with the law.").

Indeed, the Court's imposition of a sentence of probation incarceration would be most appropriate here, serving as a sufficient punishment and deterrent given the circumstances, while also enhancing respect for our criminal justice system by not requiring an unnecessary term of imprisonment.

### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

Pursuant to 18 U.S.C. §3553(a)(1), the Court shall evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." Here, this factor favors the requested sentence.

Mr. Silvestro is a first-time offender, who has accepted responsibility for his wrongdoings. Prior to his arrest, Mr. Silvestro was gainfully employed and continued to work the best he could despite of his bail restrictions, the Covid epidemic (He suffered from Covid), and the other problems discussed above. His personal history is well described in the official PSR presented to the Court by the Department of Probation. His letters of support by family and friends speak for themselves and should be significant in enabling Your Honor to understand who Mr. Silvestro really is and what he means to his family and friends (*See* Exhibit 1, Letters of Support).

### B. The Need for the Sentence Imposed

Pursuant to 18 U.S.C. §3553(a)(2), the Court should consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

Mr. Silvestro is aware of the level of seriousness of the instant offense. This is his first conviction at the age of 30 years old and he has no prior contact with the criminal justice system. Mr. Silvestro's recorded conversations are serious breaches of federal law but thankfully his conduct did not include assaulting anyone. He was not in the loan sharking business and the only money he made was the $2,000.00 he received as a referral fee in reference to an illegal loan given by a person who was NOT charged in this case. Refraining from this kind of conduct in the future will be easy for Mr. Silvestro as this experience with the courts and his refocused lifestyle will lead him along the right path which he is already travelling.

### C. The Kinds of Sentences Available

Pursuant to §3553(a)(3), the Court should consider the "the kinds of sentences available" for the defendant. The PSR and the Plea Agreement outline the offence and the Federal Sentencing Guidelines. For the reasons stated above, a sentence of Probation or a term of incarceration no more the one year and one day would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses & The Need to Avoid Unwarranted Sentence Disparities

Pursuant to §3553(a)(4) & (6), the Court should consider "the kinds of sentence and the sentencing range established for…the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines" and consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

Mr. Silvestro has clearly demonstrated acceptance of responsibility for the instant offense and the government was notified in a timely manner of the defendant's intention to enter a plea of guilty. Thus, a three (3) level decrease in the guideline calculations is appropriate pursuant to U.S.S.G. §3E1.1(a) and (b). Also, a one (1) level decrease for the global plea reduction as outlined in the plea agreement is appropriate, based upon the fact that the criteria has been satisfied for that reduction.

Based upon the advisory guidelines and all other relevant factors under 3553(a), a sentence of probation or incarceration for no more than one year and one day would be both appropriate under the circumstances and consistent with the sentences received by other similarly situated defendants in this district.

## Conclusion

Based on the foregoing, we respectfully submit that a sentence of probation, or, in the alternative, a sentence of no more than one year and one day of incarceration with an appropriate term of supervised release, the $2,000.00 forfeiture, and a $100 mandatory special assessment, is sufficient but not greater than necessary to accomplish the goals and purposes of sentencing in this case.

Thank you very much for your time and consideration.

Respectfully submitted,<br>
<i>/s/ Mathew J. Mari</i><br>
Mathew J. Mari, Esq.<br><br>
<i>Attorney for Defendant</i><br>
<i>Anthony Silvestro</i>

CC by ECF: Elizabeth Geddes, A.U.S.A., E.D.N.Y.